# Court of Appeals
# of the State of Georgia

ATLANTA,  February 10, 2015

*The Court of Appeals hereby passes the following order:*

### A15A0972. DEKALB COUNTY, GEORGIA v. PAUL CHAMPION d/b/a CHAMPION TREE SERVICE.

Paul Champion filed suit against DeKalb County alleging breach of contract. DeKalb County filed a motion for summary judgment, arguing, in part, that it was immune from suit based on sovereign immunity. The trial court denied the motion for summary judgment, and DeKalb County filed a direct appeal from this ruling.

Ordinarily, the denial of a motion for summary judgment is an interlocutory order that may be appealed only through the interlocutory appeal procedure.  See OCGA § 5-6-34 (b).  DeKalb County contends that it is entitled to directly appeal the trial court's ruling under *Board of Regents v. Canas,* 295 Ga. App. 505 (672 SE2d 471) (2009). In *Canas*, we held that the collateral order doctrine permits a direct appeal from an order "that denies a motion to dismiss, based on a conclusive determination that the State (or a state officer or employee) is not immune from suit on the basis of sovereign immunity."[1] Id. at 507 (1); see also *Effingham County v. Roach*, 329 Ga. App. 805, n. 1 (764 SE2d 600) (2014). Our decision hinged on the principle that "sovereign immunity is an immunity from suit, rather than a mere defense to liability, and is effectively lost if a case is erroneously permitted to go to trial." (Citation omitted.) *Canas*, supra. Under *Canas*, therefore, a governmental

---

[1] Under the collateral order doctrine, an interlocutory order may be appealed directly if it: (1) resolves an issue that is substantially separate from the basic issues to be decided at trial, (2) would result in the loss of an important right if review had to await final judgment, and (3) completely and conclusively decides the issue on appeal.  *Britt v. State*, 282 Ga. 746, 748 (1) (653 SE2d 713) (2007).

entity can file a direct appeal from an order that conclusively rejects a sovereign immunity defense.

The order in this case, however, reveals that the trial court has not made such a conclusive determination. To the contrary, the court found that summary judgment was not appropriate because the evidence establishes that a contract existed between the parties. Under these circumstances, *Canas* and the collateral order doctrine are inapplicable, and DeKalb County was required to comply with the interlocutory appeal procedure of OCGA § 5-6-34 (b) to appeal the trial court's order. DeKalb County's failure to do so deprives us of jurisdiction over this appeal, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,_____02/10/2015_____*
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*